945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Ray ROMMANN, Defendant-Appellant.
 No. 91-5550.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 PER CURIAM.
 
 
 1
 After a bench trial, the defendant, Ronald Rommann, was found guilty of possession with intent to distribute marijuana. 21 U.S.C. § 841(a)(1). On appeal, Rommann argues that the marijuana involved was illegally seized from his camper truck and should not have been allowed into evidence. He also argues that at least a portion of the marijuana was for his personal use and his sentence should not have been computed by using the weight of all the marijuana seized.
 
 
 2
 We find defendant's arguments unpersuasive and affirm his conviction.
 
 I.
 The Seizure of the Marijuana
 
 3
 In order to put this issue in proper perspective, it is necessary to review the factual and procedural history of this case, which is now before this court for the second time.
 
 
 4
 On December 20, 1988, a search warrant was issued for the premises located at 2321 Beecham Place, Shelby County, Tennessee, and was executed the same day. In addition to searching the house, officers also searched four vehicles parked on the property near the house. The probable cause for searching the vehicles, which were not listed in the warrant, was generated by three factors. First, the house had been under surveillance for several days, and the officers noticed a number of vehicles coming and going under circumstances that suggested drug deliveries or pick-ups. One of the vehicles observed was the defendant's camper truck. Second, the police had information from a confidential informant indicating that the premises were used for drug storage and distribution. Third, before searching the vehicles, the agents searched the house and attached garage and found 91 pounds of marijuana, thus confirming their suspicions.
 
 
 5
 When the defendant's camper truck was searched, small amounts of marijuana were found in the glove box. In a tin box were found additional marijuana, $551 in cash, drug paraphernalia, and a pistol. A triple beam scale was found in a cabinet, and three pounds of marijuana were found in a plastic bag concealed in a specially constructed area between the camper floor and the truck bed. The defendant and others were arrested at or near the time the search warrant was executed.
 
 
 6
 After indictment, Rommann filed a motion to suppress the marijuana, contending that the search was illegal. The motion was referred to a magistrate judge for a report and recommendation. The magistrate judge recommended suppression, and the district judge agreed and granted the motion. The United States appealed, and we reversed in an unpublished opinion. United States v. Rommann, No. 89-6042 (6th Cir. May 21, 1990) (per curiam) (Rommann I ). A request for a rehearing en banc was denied, and a petition for certiorari was filed but withdrawn. Upon remand, Rommann elected a bench trial and was found guilty.
 
 
 7
 On appeal, defendant once again alleges that there was no probable cause to search his vehicle, and, even if there was, there were no exigent circumstances justifying a search without a warrant. These are precisely the arguments that were rejected by this court in Rommann I. The government argues that our earlier decision is res judicata on these issues and the defendant may not litigate them again. Defendant argues that our prior ruling only establishes the "law of the case" and we are free to revisit and change our earlier holding. We agree with the defendant that we are dealing with the law of the case doctrine and not principles of res judicata.
 
 
 8
 The law of the case doctrine is that courts should generally "refuse to reopen what has been decided." The doctrine precludes our reconsideration of [our previous] decision unless one of three "exceptional circumstances" exists: the evidence in a subsequent trial was substantially different; controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice.
 
 
 9
 Kori Corp. v. Wilco Marsh Buggies & Draglines, 761 F.2d 649, 657 (Fed.Cir.) (citations omitted), cert. denied, 474 U.S. 902 (1985). We find none of the Kori exceptions to be applicable, however. If there has been any change in the law of search and seizure since our opinion in Rommann I, it has gone in the direction of more, not less, latitude where vehicle searches are involved. Accordingly, we do not find our prior holding clearly erroneous as a matter of law. Although defendant argues that more evidence was developed at trial, we do not find that evidence to be "substantively different" from what was before us in Rommann I.
 
 
 10
 In sum, we find that Rommann I is the law of the case insofar as the search warrant issues are concerned, and we will not revisit these issues.[1]
 
 II.
 The Guideline Sentence
 
 11
 Defendant makes no challenge to the sufficiency of the evidence supporting his conviction for possession with intent to distribute marijuana. He does argue, however, that the court should have found that only 12 ounces of the marijuana were possessed for distribution while the rest was held for personal use. The only support for this contention is defendant's own self-serving statement that such was the case.[2] The determination of the amount of a controlled substance to be considered for sentencing purposes is "solely a function of the court." United States v. Rey, 923 F.2d 1217, 1223 (6th Cir.1991). We review such determinations under a clearly erroneous standard. We believe the court acted within a proper range of discretion in rejecting defendant's contention that most of this marijuana was for personal use. The defendant had travelled from Iowa to Tennessee in a vehicle with Iowa license plates. He was seen for several days to be in the company of individuals involved with the possession of very large quantities of marijuana and engaged in a major distribution operation. His camper truck was specially equipped to transport concealed marijuana. The defendant testified he had been using marijuana for 18 years and was a daily user. It taxes credulity to believe that an 18-year daily user of marijuana has to drive from Iowa to Tennessee and remain for several days to secure marijuana for personal use. The district judge did not believe this story, and neither do we.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 An additional complication is created by our local rule whereby one panel of this court is bound by an earlier controlling decision issued by a previous panel
 
 
 [2]
 By charging the defendant with all three pounds, the court arrived at a base offense level of 10 for the controlled substance. To this were added two points for the possession of a firearm during a drug-related offense, giving a final base offense level of 12. Had he been held responsible for only 12 ounces, the base offense level for the controlled substance would have been 8, which, coupled with the two-point firearm enhancement, would have resulted in a final base offense level of 10. With a base offense level of 12 and a criminal history category of 1, the sentencing range was 10-16 months. If the base offense level had been 10, the sentencing range would have been 6-12 months. Even without the two-point firearm enhancement, which would have given a base offense level of 8, the sentencing range would have been 2-8 months. The defendant actually received a "split sentence" of five months in a halfway house, which was the most lenient sentence the court could impose